UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WHITE,<br><br>            Plaintiff,<br><br>      v.<br><br>JAY PEARSON, et al.,<br><br>            Defendants. | No. 2:13-cv-0487 JAM CKD<br><br>FINDINGS AND RECOMMENDATIONS |

   Presently before the court is plaintiff's motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

   In this action, plaintiff alleges claims under California's Elder Abuse and Dependent Adult Civil Protection Act, Welfare and Institutions Code § 15600 et seq. and civil RICO, 18 U.S.C. § 1962(c). Plaintiff Patricia White seeks entry of default judgment against defendants Jay Pearson and Entrust Mid-South, LLC in the amount of $128,760 plus prejudgment interest.[1] The record reflects that defendants Jay Pearson and Entrust Mid-South, LLC were properly served with process on March 27, 2013. ECF Nos. 10, 11. Waivers of the service of summons were

---

[1] Plaintiff submitted a corrected damages calculation. ECF No. 62.

1

1  executed on June 6, 2013 and accordingly a responsive pleading was due within sixty days. ECF
2  Nos. 19, 20. Default against these defendants was entered on February 26, 2014. Plaintiff
3  thereafter filed a motion for default judgment. The record reflects service of the motion on
4  defendants. ECF No. 61.

5  Entry of default effects an admission of all well-pleaded allegations of the complaint by
6  the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court
7  finds the well pleaded allegations of the complaint state a claim for which relief can be granted.
8  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and
9  authorities and affidavits filed in support of the motion for entry of default judgment also support
10 the finding that plaintiff is entitled to the relief in the form of damages requested in the prayer for
11 default judgment, which does not differ in kind from the relief requested in the complaint. Henry
12 v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff also
13 requests prejudgment interest. "The award of pre-judgment interest in a case arising under
14 federal law rests within the sound discretion of the court. Awards of pre-judgment interest are
15 governed by considerations of fairness, and are awarded when it is necessary to make the
16 wronged party whole." U.S. v. California State Bd of Equalization, 650 F.2d 1127, 1132
17 (9th Cir. 1981) (internal citations omitted). Here, plaintiff has suffered the loss of income from
18 her initial investment of $120,000 from October 15, 2008, the date of the maturity of the extended
19 promissory note. To be made whole, plaintiff should be awarded prejudgment interest at the
20 maximum rate allowed under 28 U.S.C. 1961. There are no policy considerations which preclude
21 the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-
22 1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to
23 the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at
24 stake in the action; possibility of a dispute concerning material facts; whether the default was due
25 to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring
26 decisions on the merits).
27 /////
28 /////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 55) against defendants Jay Pearson and Entrust Mid-South, LLC be granted;

2. Plaintiff be awarded damages in the amount of $128,760 and prejudgment interest, at the maximum rate of interest allowed under 28 U.S.C. § 1961, on the unpaid principal after the maturity date of October 15, 2008 until entry of judgment, with postjudgment interest accruing thereafter until the date of payment.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 30, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 white0487.def